And we'll go to United States v. Leonard Gibbs. Good morning. May I please the Court? Kevin Gingras on behalf of the United States. I'd like to reserve, if I may, two minutes for rebuttal. Okay. Mr. Gingras, when we're talking about body armor, we're not talking about the things we see in museums. We're talking about a bulletproof vest, right? That's correct, Your Honor. Okay. I think we ought to get that out first. That's correct. And in 2007, Mr. Gibbs pleaded guilty to wearing the body armor that is used to protect oneself in firearms fights while committing the felony of possession with intent to distribute cocaine. The central question before this Court is whether Gibbs' conviction is a serious drug offense under the ACCA. In order to be a serious drug offense, the conviction has to meet two benchmarks. Yeah, we're not using the violent felony prong. That's correct. We're using the serious drug offense. That's correct. It's a serious drug offense. In order to be a serious drug offense, the conviction has to meet two benchmarks. The first is that the conviction has to provide for a maximum of 10 years in prison. And the second, and I think the focal point of this case, is that the conviction has to be one involving manufacturing or distributing a controlled substance or possession with intent to do one of those two. The government submits that Gibbs' conviction under Delaware law meets this definition. In this case, a jury would have had to have found, and Gibbs, in fact, pleaded guilty to, the elements of the underlying felony, which was possession with that the underlying felony, possession with intent to distribute cocaine, itself qualified as a serious drug offense. That doesn't seem to be what the district judge believed in this case. I thought the district judge thought that you didn't have to prove the drug offense. That's what I was going to ask you. What did Judge Sleet think? Why did Judge Sleet say that the ACCA didn't apply? The district court said that the ACCA didn't apply. The next step, if I can back up for one second, the next step would be to figure out whether this conviction, in fact, involved manufacturing, distributing, or possession with intent to do those two. And the government was urging at that point that the court would have to apply the modified categorical approach to make that determination. At that point, the district court said that it wasn't going to do that because, as Judge Slobin and Judge Fuentes have pointed out, it thought that the government didn't have to prove and the defendant didn't have to plead guilty to the elements of the underlying possession with intent to distribute felony. And that's simply incorrect. And Gibbs has conceded that much. On page two of his brief, up front, he says that the Delaware statute does require the prosecutor to prove the elements of the underlying felony. And in this case, he admitted to doing so. Now, what gives you, or what gives the district court or requires the district court to use the modified categorical approach? Well, it falls under the narrow range of cases, Judge Fischer, where you have a statute that can be violated in several ways, some of which would support an enhancement under 924E and some of which would not. In other words, if you have a disjunctive statute. Well, disjunctive in the sense that there are several ways in which it can be violated. It's not disjunctive in the sense that the statute itself lists all the ways in which it can be violated. It wouldn't, we submit, make sense to say that only in those cases where the statute actually lists out all the ways it can be violated could you apply the modified categorical approach. Because what you would have in effect would be a situation where you would say, well, the statute doesn't explicitly incorporate, or excuse me, the statute doesn't list them out. So it doesn't list out every felony in the Delaware Code. If it did, then you would apply the modified categorical approach. But simply because it shorthands it and says felony, and we know based on Delaware law and again, Gibbs has conceded it, that the government has to prove or the defendant has to plead guilty to the elements of that felony, that because it uses the shorthand that we therefore can't apply the modified categorical approach. It would seem, and we submit, and we said in our briefs, completely artificial to draw that distinction. And so in a case where you have multiple modes of committing a crime, you're still focusing on what the jury found or what the defendant admitted. We're not suggesting that the court needs to look at the facts, which in cases where they talk about the disjunctive or severable or divisible statute, what they pose as the alternative is looking at the facts of the case, and that's simply not what we're proposing. I don't think a court, and this is cases unique in that sense. Whether, regardless of the approach, whether it's formal or the modified approach, he actually admitted, did he not, possession of drugs or specifically cocaine with the intent to distribute? That's correct. So does it matter that there was proof of that or that the modified approach, modified categorical approach I guess it's called, is used? Only in so far as the general mode in which the court analyzes the prior conviction is to just look at the statutory definition of the prior offenses. And in this case, the statute can be violated in several ways. And so in those situations, the government thinks that's the first mistake the district court made. That's the first mistake the district court made, and that district court in fact, that was the central mistake the district court made because the district court just stopped at that point and didn't go any further in addressing the enhancement. Now if we agree with you that the modified categorical approach should have been used and that the ACCA applies here, what do we do? I think the court needs to... Do we say that the sentence required a mandatory 15, the plea required a mandatory 15 year sentence or do we send it back for the court to determine some of the remaining issues? I don't think the court, I don't think it depends on the, if I understand your question Judge Fischer, you said the plea, I'm sorry. Plea agreement. There was a plea agreement. Plea agreement, correct. Well, the ACCA is not enforceable because of the plea agreement. I understand that. It's an enhancement. If the ACCA applies, there's an enhancement that takes the sentence up to mandatory 15 years. I see. And you're asking the question which... What do we do if we agree with you? We think that the court should reverse and remand for imposition of the enhancement. Don't they have to give Gibbs an opportunity to withdraw his guilty plea because the district court in a sense misled him? I don't think that's correct, Your Honor. The chronology... I mean, the district court said the ACCA didn't apply and therefore when he pled guilty, he didn't know that he was going, that he was subject to the 15 year enhancement. Doesn't fairness require that he be given the opportunity to withdraw his guilty plea? I don't think... That's correct, Your Honor. Actually, if that were the case, he was... The government alerted him before sentencing of... But not before he changed his plea and entered a plea of guilty pursuant to the plea agreement. But not before the plea. But alerting him to the fact that the Arncourt criminal enhancement should apply and he could have then moved to withdraw his plea and he chose not to and chose to hold... The district court said it doesn't apply, so he really was blindsided in pleading. And even more so than that, he had a plea agreement with the government that said that the maximum sentence for the offense to which he pled was 10 years. He didn't want to withdraw, he didn't want to get out of that plea. But I think with the government putting him on notice and the litigation... With the government putting him on notice of the fact that the Arncourt criminal enhancement should apply and would apply, that he was on notice that the enhancement should apply. And we gave him the opportunity... But the government is not the court. The government thinks it is, but the government really is different. And the court is the body to whom he would be subject. That's correct, Your Honor, but... He pled, as far as we know, based on what the court instructed him or said it understood. And I think once he was alerted to that mistake... But not by the court, but by the government, and that's different. You have to admit that that's different. It is different, absolutely, Your Honor, and I am speaking on behalf of the United States and we do understand the distinction between the executive branch and the court. We're not always sure. That may be true, Your Honor. I think the fact that the defendant was on notice could have moved to withdraw the plea at that point. Could you clarify something for me? I thought he was given the specific option of withdrawing his plea, and he turned it down. That's correct. And chose to go before the court. No, the government... But he was not told by the court, which I guess is Judge Slaugher's fault. That is Judge Slaugher's fault. He was not given the option by the court. That was an option that was given by the government in a letter. The government offered essentially to sort this out at the district court level. Put him on notice of what the problem was and said, we will not oppose your motion to withdraw the plea. They could have sorted it out at the district court. Essentially what he did was say, I'm going to roll the dice and take my chances at sentencing. The government wanted to go from 72 months to 15 years. Big difference. Big difference. It's certainly a big difference, Your Honor. And that's what you want us to do. I think the Armed Career Criminal Act is clear. Once the government made the discovery that the defendant was eligible for it, it did what was fair, which was... If we agree with that, let's just say hypothetically we agree with it. Let's go back to Judge Fisher's point. He made an agreement. In other words, he made a bargain with the government, a signed contract. I will not get more than 10 years in prison in exchange for my plea. Why aren't you bound by that? The government gave him the chance to be put in the same position he would have been. He says, I made a deal. I made a contract. I made a knowing plea agreement with the government. This is what it is, and this is what you should be bound by. Well, I think in the other cases that we cite in our briefs point out that the Armed Career Criminal Act has its own force. The statute says shall. And so when you have a mutual mistake of fact, as in this case... The act trumps the plea agreement? The act trumps the plea agreement. Obviously, this was not touched on by either of you, but is there an apprendee problem with the Armed Career Criminal Act in that regard? In which regard? You're essentially saying that, well, the statute's one thing, but the Armed Career Criminal Act is a sentence. We don't have to give notice of sentencing enhancements, even though, like in this case, they're going to take a potential range from 72 months all the way up to 15 years. Isn't that what apprendee said the court could not do? My dissent. Huh? My dissent. I don't think that there is a due process problem with the Armed Career Criminal Act. And as you point out, Judge Fischer, neither of the parties have addressed the question head on. I caught you cold. And I'd be happy to address it in rebuttal unless you would like me to answer it now. No, no, you're on our time. If you're answering Judge Fischer's question, you don't have to care about the red light. We waiver that. Generally for a recidivism statute like the Armed Career Criminal Act, the only notice that's due under due process is notifying the defendant which convictions are at issue and affording an opportunity to be heard on those convictions. Congress has made a judgment that certain kind of offenders, people who have indicated that they are, they pose an increased degree of danger were they to possess a gun, should be sentenced more seriously and for a number of reasons. But why did the government then make the plea agreement for a sentence that was even below the guideline sentence? There are lots of reasons that the government enters into plea agreements with defendants to be sure. And this goes back to the point that the Armed Career Criminal Act sort of, not sort of, it does apply of its own force as Congress has made, passed a law that, and made a judgment about these types of defendants. Unless there are other questions. May it please the court, my name is Dan Siegel. I represent Appellee Leonard Gibbs and with your permission I'd like to begin by addressing Judge Fisher's question regarding the disjunctive statutes and the modified categorical approach. Mr. Siegel, just fix the, that's better. Because I think Judge Fisher's question turns on an important question of fair notice under the due process clause. I'd then like to turn to Judge Fuente's question, why the modified categorical approach matters. I want to briefly discuss the rules of statutory construction and then get to you. You know, I always told students, don't tell us what you're going to do, just do it. Okay, first for Judge Fisher's point, the modified categorical approach in disjunctive statutes. This defendant was convicted under a Delaware statute, which doesn't use drug terms in its title, which doesn't use drug terms in its body, and which doesn't use drug terms in the caption of the sentence in which it is placed. Under these circumstances, the government is using this as a drug predicate. And the problem with that is a problem of due process and fair notice. Because normally when you're talking about fair notice of the offense, you're talking about fair notice that you're getting from the text of the statute. That's why this is distinguishable from the case that Judge Fisher dealt with before, the question of disjunctive statutes. Because usually you have a defendant wears body armor during distribution of drugs or manufacture of drugs or simple possession of drugs. I don't get the fair notice argument. Do you mean the defendant should have fair notice that if he wears body armor in a matter involving drugs he could be subject to the ACC? The statute should give a defendant fair notice that drugs are involved. Let me read to you just the text of the Delaware statute. I'm just curious, when you say fair notice, to whom? To the person who is facing the potential armed career criminal sentence. I did file a letter of supplemental authority indicating that the void for vagueness doctrine, fair notice doctrine applies to sentencing statutes. So let's take a look at the text of the statute, the drug conviction which exposes my client to 15 years to life for a drug crime. The person who wears body armor during the commission of a felony is guilty of wearing body armor during the commission of a felony. But he has to admit to the felony. And he has to admit specifically to what felony and what was involved. And the prosecutor who wrote the plea agreement was aware of that because she's the person who provided us with the state court indictment that said he was wearing body armor during the drug crime. But that prosecutor presumably read the text of the statute that I just read to you and didn't get notice that it involved a drug crime. That's the problem. You see, when you deal with disjunctive statutes like we normally do in these cases, at least the statute gives you some notice. I don't understand your bottom line point. Are you saying that under no circumstances could this be a third ACCA predicate? What I'm saying is... What are you telling us? In order to use this as the third ACC predicate, you have to be able to use the modified categorical approach, meaning you have to go back to the charging documents. The modified categorical approach has always been applied to statutes in the disjunctive. That was the case that Judge Fisher decided, the Garcia case. Now the government is saying, well, no, it doesn't have to be a case in the disjunctive actually. It doesn't have to actually say drugs in the statute, and there are good reasons to do that. But the government doesn't cite any case where any federal court has ever done what they're proposing, which is... What's wrong with the government's position that if a statute can be violated in various ways, in order to determine how this one was violated, you have to go to the modified categorical approach? The answer is that ignorance of the law is no excuse, but... How does that help? Those are words, but how does that... Are you saying that under no circumstances can wearing bodily armor in the course of a drug felony be a third ACCA offense? Is that what you're telling us? If you have a dedicated drug statute that prosecutes a person who wears body armor during the course of manufacturing, or distributing, or simple possession of drugs, we would concede that that statute could be used as an armed career criminal predicate. But due process and fair notice means you get fair notice from the text of the statute. So you're saying that under no circumstances could the bodily armor, violation of the state bodily armor, be a third ACCA offense? Yes or no? Let's get a yes or no to that. There are no circumstances under which this Delaware body armor statute could be used because it doesn't use drugs in the title, in the body, or in the statutory section. Has any court ever said anything like that? No, because no court's ever been presented with the possibility of an armed career criminal predicate being based on a statute that doesn't even mention drugs. This is the first time. But it's a felony. I mean, being in, distributing cocaine, I guess it was cocaine in this case, is a felony. And you need a felony for the third offense. I can't follow... There must be somewhere I'm missing you. Just because it doesn't say drugs in the body armor statute, it can't be a predicate offense? What I'm saying is the modified categorical approach has always applied to statutes which in some way make reference to drugs. I'm saying that if you expand that, you have a dangerous issue under the fair notice doctrine because the statute doesn't give you fair notice that drugs are involved. But the indictment gave him fair notice. The indictment said drugs. The Delaware indictment. The fair notice doctrine has always been based upon the terms of statutes. Now the government is asking you to expand it. Let me ask you this. Fair notice when? He's walking around with three convictions. And what this case is all about is he should have known better. He shouldn't have had a loaded .357 Magnum on his person and ammunition. But he did. Now, are you saying that because that Delaware statute to which he pled didn't use the drug terminology, that he didn't have notice that he could have been an armed career criminal? Is that what you're saying? I'm saying that essentially yes, because the Supreme Court has said that the void for vagueness doctrine applies to sentencing statutes. And if this prior conviction didn't talk about drugs, you have a due process problem. What's vague about it? I mean, what's vague about the Delaware statute? I mean, the Delaware statute says it's a felony if you wear body armor in the course of committing a felony. And there's the problem. A person of common intelligence would not necessarily know that that's a potential drug crime. Look, this defendant was provided with an indictment that provided a drug charge and a body armor charge. He pled to the body armor charge in an agreement to get rid of the drug charge. As far as he was concerned, he was pleading guilty to this statute. But let me turn next to the question that was asked by Judge Fuentes. Why does the modified categorical approach matter? If you limit the modified categorical approach to statutes where the drug crime is listed in the alternative, then you wouldn't use it in a case like this. But you wouldn't need it, because it allows you to drill down deeper to find out exactly what the conduct was that created the felony. That's right. You look at the underlying charge. Because not every felony, obviously under the state statute, would be a violent crime. You could wear body armor while shoplifting. Well, that's not a felony, but there are some felonies I would imagine. But this one involved drugs, and that's why. Is that not why the modified categorical approach is necessary? The modified categorical approach is helpful and useful and necessary in cases where drugs are listed in the alternative. Excuse me, would whoever's got that thing stop it? But it's never been used where the drug or violent crime wasn't specifically used in the statute. And to use it in that, if you don't use the modified categorical approach in this case, this conviction doesn't count. Do you raise this argument in your brief? We argued in the brief that the modified categorical approach didn't count. And we argued in the brief that there was a fair notice question. Not changing the argument, but I mean being more specific as to precisely what the problem is with the modified categorical approach. If you lose on that point, where does that lead you? It leads us with a statutory construction point. You know, there's a rule of statutory construction that you should always try to avoid reading a statute so that it produces absurd or counterintuitive results. Why isn't this counterintuitive? Well, let me tell you why I have a problem with the government's reading of the statute. Because it creates a state definition, which is potentially much, much wider than the federal definition of a serious drug offense. Here's why. When Congress wrote the federal definition of a serious drug offense, they were very specific about limiting it to dedicated drug statutes. They identified the statutes in the Texas statute. And that's on the federal statute. That's on the federal statute. Why, then, would they want state offenses and state prisoners to be brought within the Armed Criminal Act even if they wouldn't have been brought in under the federal definition? Because you have 50 different sets of statutes. And Congress is sitting down there thinking, there's no way we can bring all these together. They're all different. They're written different. I think there's a very logical answer to that argument. Well, so then the answer is that you expand the state definition to the degree necessary to make it equivalent to the federal definition. No. There's an added point, which is that the states tend to have many more statutes covering the same substance such as drugs than the federal government. Absolutely. And they knew how to write such a statute. Because the federal Three Strikes and Urart Law specifically itemized the state statutes that would be included. Oh, I have to disagree with that argument, Your Honor, because the Armed Career Criminal Act came eight years before the Three Strikes Law. I have the cites on that if you'd like me to give it to you. I understand, but that doesn't mean they just gained that knowledge eight years later. Well, the government is implying the rule of the statement of one thing means the exclusion of the other thing. But that rule, if you look at it, applies to where they write a statute before or contemporaneous with the statute that you're interpreting. A statute eight years later doesn't explain why they used a statute of the Armed Career Criminal Act. I agree with you. It's an example. At least eight years later they know how to write it. Let me give you an example of a situation that shows why there's a problem with an expansive reading of the state definition. It's a federal statute that criminalizes money laundering. And one of the things you have to prove is a specified unlawful activity. And one of the specified unlawful activities is drug dealing. Would the federal money laundering statute come within the government's expanded definition of a case that involves drug dealing? Yes. Would it come within the federal definition under the Armed Career Criminal Act of a drug offense? No, because money laundering is not an offense under the Controlled Substances Act. Let's assume that the state of Delaware had a money laundering statute, and that it had specified unlawful activities, and that one of those specified unlawful activities was drug dealing. Under the government's expansive reading of the word involves, the state money laundering drug conviction would count as an armed career criminal predicate, but the federal money laundering drug conviction wouldn't count as an armed career criminal predicate. And that, we submit to you, is a counterintuitive result. And the rules of construction. Is it illegal or unconstitutional? Is it illegal or unconstitutional? Yes, that's the case. It's counterintuitive. Well, that doesn't make it unconstitutional or illegal. But when you deal with statutory terms, and you try to read them in context, you have to ask the question, why would the Congress want a state definition to more harshly deal with similarly situated persons who wouldn't get the enhancement of the federal definition? And, you know, let's keep in mind what's at stake here. This is the 15 year to life statute, and the defendant pled guilty to a plea agreement that limited him to 10 years. And so, my final point. So are you opposed to, suppose this court would say, okay, he can withdraw his guilty plea. We'll send it back. Now that he knows that this is the way this court interprets the ACCA, he's free to withdraw his guilty plea. What's wrong with that? It puts the onus on us when it's the government who should have been attempting to withdraw from the guilty plea. They said in their brief that there was a material mistake of fact. There was no material mistake of fact. They gave us the state indictment in discovery that talked about wearing the body armor during the drug trafficking. But under your theory, that statute could never be a predicate offense under the ACCA, right? Unless you had a violent felony part of it. The violent felony would be a different analysis. Then you'd run into Sykes. Maybe. It would have to be listed in the statute. The entire incident seems to be precisely what Congress was targeting when it enacted the ACCA, because you have this combination of body armor, possession of a handgun, and possession of drugs. That combination seems to be precisely what compelled Congress to enact the statute. There's no question that you've correctly stated the equities of the defendant's conduct. But this is a legal question regarding the reach and an expansive definition of a word in an extraordinary statute, which forces a judge to give a sentence above the statutory maximum, a sentence of at least 15 years and possible life imprisonment. So we have to be careful, even despite the equitable arguments that you've properly raised, about expanding the definition too far. And we submit to you that if you adopt this expansive reading, which would be the first time any court ever has adopted this expansive reading, you would be creating a problem under the Fair Notice Clause, because there's nobody who could read this statute, 1449A, and come to the conclusion that this is a drug statute. And you cannot hold the defendant to a higher standard of notice than the prosecutor who wrote the plea agreement. Thank you. I'd like to just make two brief points. Well, you have a lot to answer. And I'll answer any questions the Court has. No, I mean answer Mr. Sittle. That's correct, Your Honor. I'll start with the fair notice point. As to fair notice, my friend has pointed out in his 28-J letter and again in his argument that the Supreme Court in Botschelder in 1979 stated that vague sentencing provisions may post constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute. Now, we're talking about the ACCA here, and I think the government's interpretation of the term involving is not going to leave the defendant guessing as to what would qualify, especially not in a case where, as you have here, the defendant's state offense actually required him, required a jury to find or him to admit, which he did, the underlying elements of an offense that would unequivocally count. That's why the modified categorical approach would get him, essentially. That's correct. And that's correct, Your Honor. As to the expansive reading of the term involvement, the term that my friend used, it's not the government's expansive reading of the term involvement. The term involving is itself expansive. It's an expansive word for a statute. The government is advocating for a plain reading of the statute, where you have a defendant who has pleaded to the elements of a serious drug offense. The Supreme Court talked about involving in sites. I mean, a lot of, although it was the other aspect, other half of it, they did go into what involves means, right? That's correct, Your Honor, and I apologize. Don't worry about the red line. Right. I'm blanking on what exactly the Supreme Court said in Sykes. But I think the point... Or otherwise involves conduct that presents a serious potential risk of physical injury to another. This is the statute. That's correct, and I think Sykes is not the first case that the Supreme Court has explained that the term otherwise involves, that term involves, encapsulates more than just the discrete offenses that are listed before it. The government is advocating for the same plain reading, and it's Gibbs' interpretation that would result in counterintuitive results, because under his reading, you could have a attempt, or excuse me, a... Well, attempt is what they dealt with in Sykes. That's right. I thought that was the issue in Sykes. You could have a conspiracy to commit a serious drug offense, where a defendant may or may not have actually committed the offense. That would count under the ACCA, according to Mr. Gibbs. Or you can have an attempt to commit an offense that would be a serious drug offense, where by definition the defendant does not commit the offense, and that would be an armed career criminal predicate, according to Mr. Gibbs. And yet... According to the Supreme Court. And according to the Supreme Court. And yet, if you have a defendant who actually commits the offense, and we know this, not because of the facts that we're digging from the record, but simply by his admitting the underlying elements of that offense, or the fact that a jury would have to find it and he has to admit it, that that then doesn't count as an armed career criminal predicate. How do you answer? Because I understand his argument. It's the statute doesn't say drugs, and therefore it doesn't... The body armor statute, the Delaware statute, and therefore it doesn't give notice that if you're wearing a body armor, you're wearing a bulletproof vest, and you're distributing cocaine, that that can subject you to 15 years minimum in life. And he says there's no notice. How do you answer that? As I understand it, that's precisely what he said. And you can't fix it because the statute's the way the statute is. We asked you, well, when we asked him, well, using the modified categorical approach, then you look at what the charge was and what the evidence was, and you fill in the cocaine part. And he says, yeah, but it's not there. So you look at it, and it's not there. How do you answer that? Well, I understand his argument. He's a genius. The argument that he made in his briefs was an argument that the Armed Career Criminal Act didn't give you notice. And so with respect to that, I think that for recidivism... I wonder if people who commit serious felonies would be affected by having notice before they commit the felony. They don't read the statute. I apologize. That's a good point. I said, I wonder if people who commit felonies would be affected or influenced by the fact that they may be punished for it. I think Congress certainly believes it would when they try and impose laws or enhance penalties as a form of deterrence. But certainly ignorance of the possible penalties for violation of a statute doesn't equal a due process violation. I think that's the fundamental point that we make in our brief, and that would be my answer. I did not see this argument in his brief, but I understand it now. Well, I think as to the modified categorical approach, Your Honor, in the brief they actually concede that it does apply. It doesn't apply only in circumstances where the results would, I believe he says, contravene the intent of Congress. I mean, I understood the modified categorical approach to give precisely the kind of notice he says it doesn't give in this statute because the words drug offense are not in the title or in the language of the Delaware statute. And isn't that what you understand him to be arguing? I think I understand him to be saying that today, Your Honor, but I think the answer would be that it seems unlikely that a defendant who actually pleaded guilty to the elements of an offense, that is possession with intent to distribute cocaine, would therefore say they didn't have notice that that conviction could possibly involve one manufacturing, distributing, or possessing with the intent to do one of those two and therefore qualifies an ACCA predicate. It's not as if he were committing money laundering. The categorical approach doesn't go into what they actually did. I mean, that's the whole point of the modified categorical approach. And absolutely, I'm not disagreeing with you, Judge Slobodar. I'm saying that he admitted to the elements of what is unequivocally a serious drug offense under the ACCA. And so it's not as if he were doing money laundering, to use his example. He actually admits to the elements of the serious drug offense. And so my own point is that it seems unlikely that someone who does so is therefore not on notice that that conviction could therefore subject them to an enhanced sense of supervision. Unless there are any further questions. Okay, thank you, gentlemen. We'll take this fascinating case under advisement.